(No. 6225.   August 31, 1935.)

WILLIAM GREENLEE MOODY, Respondent, v. STATE HIGHWAY DEPARTMENT, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[48 Pac. (2d) 1108.]

Robert E. McFarland and P. C. O'Malley, for Appellants.

A. K. Bowden, for Respondent.

HOLDEN, J.—This is a proceeding under the Workmen's Compensation Act. (Title 43, Chapters 9 to 19, incl., I. C. A.)

January 15, 1933, respondent W. G. Moody, while working for appellant State Highway Department of the state of Idaho, as surface inspector, frosted the great toe on his right foot. He applied home remedies to the injured toe, after completing his shift that day, and the next day returned to work, without loss of time, and within a day or so thereafter, made verbal report of his injury to his super-

intendent. He continued with his work, and continued to apply the home treatments to his toe, as theretofore, but was unable to bring about any permanent improvement, and, on March 15, 1933, the condition having become worse, he obtained, for the first time, medical attention. No permanent relief was secured under medical treatment, but he still continued on with his duties under the treatment until March 14, 1934, at which time the condition took a serious turn, and he was taken to a hospital at Spokane, where, on March 19, 1934, his right leg was amputated seven inches below the knee-joint.

March 20, 1934, respondent's claim for compensation, in writing, was made and served upon his employer, and March 29, 1934, it was filed with the Industrial Accident Board.

After a hearing, and on August 6, 1934, the Industrial Accident Board made its findings of fact and conclusions of law, and entered an order denying compensation, for the reason that the claim was not filed within one year after the date of the accident.

August 15, 1934, respondent filed in the district court, and served upon attorney for appellants, notice of appeal. September 27, 1934, appellants filed motion to dismiss the appeal, for the reason that notice thereof was not filed with the Industrial Accident Board within thirty days from the date of the award, as provided by sec. 43–1409, I. C. A. October 15, 1934, the motion to dismiss was, by the court, overruled, and judgment entered, reversing the order of dismissal by the Industrial Accident Board, and ordering the Board to find for claimant.

From that judgment this appeal was taken.

Appellants, by their answer, specially plead sec. 43–1202, I. C. A., in bar of a recovery of compensation by respondent, and now urge that the court erred (1) in entering an order reversing the order of the Industrial Accident Board, and ordering said Industrial Accident Board to find for the claimant; and (2) in denying motion to dismiss the appeal. The determination of the first contention, which

we believe to be decisive, so far as appellant State Highway Department (employer) is concerned, depends upon when the period prescribed by sec. 43–1202, *supra* (within which claims for compensation must be made and served), commences to run; that is to say, whether that period commences from the date of the accident, or from the date, for example, that a compensable injury first manifests itself. That section reads as follows:

"No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident; or, in the case of death, then within one year after such death, whether or not a claim had been made by the employee himself for compensation. Such notice and such claim may be made by any person claiming to be entitled to compensation or by some one in his behalf. If payments of compensation have been made voluntarily the making of a claim within said period shall not be required."

That section, prior to 1927, *inter alia,* read:

"No proceedings under this chapter for compensation for any injury shall be maintained unless . . . . a claim for compensation with respect to such injury shall have been made within one year after the date of the *injury; . . . .* "

In 1927, the legislature, by amendment (Sess. Laws 1927, Chap. 106, sec. 9), changed the word "injury," above italicized, to the word "accident."

It will be observed that the legislature, in amending sec. 43–1202, *supra,* changed one word only. It substituted the word "accident" for the word "injury." The legislature must have had some object in view in making that substitution. We must presume that it did not do so idly and without reason. If the legislature had intended that the commencement of the limitation period, within which claims could be made on employers, should continue to be from the

date of the first manifestation of a compensable injury, and not from the date of the accident, it would not have made the substitution. We have no doubt that when the legislature substituted the word "accident" for the word "injury," it intended to change the date from which the time for making claim should commence to run, and to change that date from the first manifestation of a compensable injury to the date of the accident. (*White v. Louisiana Western Ry. Co.*, 174 La. 308, 140 So. 486; *Maryland Casualty Co. et al. v. Industrial Com. of Utah*, 74 Utah, 170, 278 Pac. 60; *Farmer v. Bieber-Goodman Corp.*, 118 Conn. 299, 172 Atl. 95; 71 C. J., sec. 793, p. 1018.)

The statute now under consideration is not ambiguous. It is clear and express in its provisions with respect to the time when the said period shall begin. It needs no interpretation, because it is not ambiguous. Where the language of a statute is unambiguous, this court is powerless to intervene and grant relief. (*Farmer v. Bieber-Goodman Corp., supra.*) The statute, as amended, works a hardship upon all workers who suffer an accident arising out of and in the course of their employment, whose compensable injuries do not become manifest until after the period prescribed by sec. 43–1202, *supra*, has passed, as is most emphatically emphasized by the unfortunate situation of the respondent in the case at bar, but the remedy is with the legislature. We take advantage of this opportunity to direct attention to the unintentional, but, nevertheless, cruel injustice done the workers of this state by the amendment, in the particular above noted, in order that, at its next session, the legislature may give the matter serious attention.

We repeat that appellants having pleaded the bar of the statute (sec. 43–1202, *supra*), and no claim for compensation having been made and served upon appellant State Highway Department (employer) within a year after the accident, it is unnecessary to determine whether that statute is mandatory, or can be waived by failure to plead it, for the reason that, in either case, respondent could not

recover against his employer. (*Smith v. McHan Hardware Co. et al., post,* p. 43, 48 Pac. (2d) 1102.)

▮ Can respondent recover compensation against the Fund, the liability of the employer and the Fund being joint and several (*Smith v. McHan Hardware Co., supra*), even though he cannot recover against his employer?

In considering that question, sec. 43–1202, *supra,* and sec. 43–1605, I. C. A., being *in pari materia,* must be construed together. Section 43–1605, *supra,* follows:

"Every policy of insurance in the state insurance fund and every guaranty contract or surety bond covering the liability of the employer for compensation, shall cover the entire liability of the employer to his employees covered by the policy, bond or contract, and also shall contain a provision setting forth the right of the employees to enforce in their own names either by at any time filing a separate claim or by at any time making the surety a party to the original claim, the liability of the surety in whole or in part for the payment of such compensation: provided, that payment in whole or in part of such compensation by either the employer or the surety shall, to the extent thereof, be a bar to the recovery against the other of the amount so paid."

▮ Under that section an employee may enforce his claim for compensation against his employer and the Fund, separately, by *filing* his claim. While that section does not expressly provide where claims shall be filed, the Industrial Accident Board having been vested by the Workmen's Compensation Act with power to hear and determine claims for compensation, in the first instance, it follows that the legislature intended that all claims for compensation must be filed with that Board. As to the period, if any, within which a claim must be filed, it will be noted that sec. 43–1605, *supra,* does not expressly fix any time within which claims must be filed with the Board; however, it would be unreasonable to infer therefrom that the legislature intended to give a claimant an unlimited period within which to file a claim with the Board; it is more in harmony with reason

and common sense to interpret sec. 43–1605, *supra,* as requiring claims to be filed with the Board within the same period that sec. 43–1202, *supra,* requires claims to be made upon employers. It is stipulated by the parties that respondent's claim was not filed within a year after the accident, so that we conclude that respondent cannot recover against the Fund.

Having reached the conclusion that respondent both made his claim for compensation upon his employer, and filed the same with the Industrial Accident Board, too late, it is unnecessary to pass upon the second contention relied upon by appellants, that the trial court erred in denying their motion to dismiss respondent's appeal from the Industrial Accident Board to the district court.

Judgment reversed. Costs to appellants.

Givens, C. J., and Morgan, J., concur.

AILSHIE, J., Concurring. — The statute (sec. 43–1202, I. C. A.), which impels us to reverse the judgment in this case is positive and prohibitory and the court has no power or authority to change or alter its terms or construe it to mean something contrary to its clear, unambiguous language. The legislature has fixed "the *date* of the accident" as the *date* from which the year begins to run for making the "claim for compensation." We are also admonished by sec. 43–1809 that, "injury" and "accident" "are not to be construed as synonymous," and that "an injury . . . . to be compensable must be the *result* of an *accident.*" It must be admitted that the application of these provisions of the statute will sometimes deprive the employee of the benefits of compensation but the remedy is statutory and rests with the legislature. We have no power to amend the statute.

Givens, C. J., and Budge, J., concur.