619 P.2d 118

Asa Clyde SMITH, Claimant-Appellant,

v.

IML FREIGHT, INC., Employers, and Transport Indemnity Co., Surety,

and

Industrial Special Indemnity Fund, State of Idaho, Defendants-Respondents.

No. 12958.

Supreme Court of Idaho.

June 2, 1980.

Rehearing Denied Nov. 26, 1980.

Joseph M. Coughlan of Coughlan, Coughlan & Korn, Boise, for claimant-appellant.

Alan R. Gardner of Imhoff, Lynch & Davis, Chtd., Boise, for defendants-respondents.

McFADDEN, Justice.

This is an appeal from an order of the Industrial Commission denying appellant Asa Clyde Smith's claim for compensation. The order is affirmed.

Smith, a truck driver employee of IML Freight, Inc., was involved in an industrial accident on May 30, 1975 at Twin Falls, when he slipped and fell from the rear of a truck-tractor on which he had been working. In order to break his fall, he grasped a shovel on the back of the cab, putting his entire weight on his arm and shoulder, causing him immediate pain in this area. He returned to his home base in Boise and continued to have pain, but not to the extent that he missed any work.

On August 8, 1975, Smith consulted with a physician, Dr. Montgomery, who diagnosed his condition as osteoarthritis and treated him for that disease. He was also referred to a heart specialist for treatment of hypertension and then later to Dr. Johnson, an orthopedic surgeon. In his deposition, Dr. Johnson stated that when he first saw the appellant on July 9, 1976, he took his medical history and learned that he had had an accident in May, 1975, and suffered progressive neck and posterior cervical pain. Dr. Johnson also stated that the appellant told him that Dr. Montgomery felt that this pain was due to arthritic change. Although Dr. Johnson did not get any medical reports from Dr. Montgomery, he reached the same

conclusion, diagnosing the appellant's condition as degenerative arthritis. He further stated that in most cases his secretary fills out industrial accident claims and files them at the time of the first visit. There was no record of such being done in this case. When Dr. Johnson was asked why this was not done, he stated:

"The patient was told and I reinforced it, by this being an arthritis; therefore, he did not relate it to being an industrial accident and I did not reinforce it or report it as such."

Although it is unclear from the record as to when Dr. Johnson first connected the appellant's problems to his industrial accident, he did state later in his deposition that he "related the problem as being industrial."

The appellant's condition did not improve over the months and after a diagnosis that he was suffering from a herniated disc, a cervical fusion was performed by Dr. Johnson in May, 1977, almost two years after the accident. While in the hospital following the surgery, Dr. Johnson learned that no claim for workmen's compensation had been filed. He further stated that the appellant told him, "you know, I always thought arthritis wouldn't be industrial." Dr. Johnson advised the appellant to file a claim, which appellant did upon leaving the hospital.

Although much of the appellant's pain disappeared following this surgery, he continued to have trouble with his shoulder. Dr. Johnson stated that he thought this was related to the back problem. When the appellant continued to experience difficulty following surgery, an arthrogram was performed and a tear in the rotator cuff was discovered. This was repaired by Dr. Johnson on October 25, 1977. Dr. Johnson stated that the rotator cuff problem was probably due to the accident of May, 1975.

Appellant claims that three or four days subsequent to the accident he told the IML terminal manager at Boise of this accident, but the manager claims that he had no memory of the conversation and that if he had been told he would have given Smith a claim form to complete and file. None was of record. Respondent asserts that there was no notice of the accident given until May 4, 1977, almost two years after the accident.

The appellant's claim came on for hearing before the Commission on whether Smith's claim was barred by the statute of limitations (I.C. § 72–701–4), with the issue of disability reserved for consideration at a later time. Following the hearing the Commission issued a memorandum opinion, wherein it stated:

"The Commission generally finds that the claimant, Asa Clyde Smith, suffered an injury caused by an accident arising out of and in the course of his employment with IML Freight, Inc., on the 30th day of May 1975, which injury finally resulted in surgery in the cervical area of claimant's back on the 4th day of May 1977, and further surgery some time during the month of September 1977 in the claimant's rotator cuff area of his right shoulder. At the time of the last hearing herein, December 15, 1977, Claimant was not yet ready to be rated for final disability.

The Commission has further determined that no notice of this accident was given to any supervisor, any terminal manager, or any operations manager until long after a period of ten days [sic] had elapsed from the date of the accident of May 30, 1975.

The Commission has also determined that a claim was not filed with regard to this accident until long after one year from the date thereof, and, in fact, was not filed with the Commission until May 24, 1977. Furthermore, an application for hearing herein was not filed within one year of the accident, and in fact not until June 20, 1977.

"The Commission also finds and determines that there exists no legal excuse or reason as a matter of law for the delay in claimant's filing of a claim for benefits and/or an application for hearing herein. Therefore, the claimant's application for hearing should be dismissed with prejudice and the claim denied."

Subsequently, findings of fact and conclusions of law were filed following the general outline of the rulings contained in the memorandum opinion, and an order dismissing the claim was entered. This appeal followed.

Although, on appeal, the appellant asserts that the Commission erred both in finding that no notice of the accident was given and in dismissing his claim because he had failed to file it within one year of the accident, we consider this latter issue to be the controlling one and the essence of this appeal. Because of the ultimate resolution of this latter issue, we decline to discuss the question of failure to give notice of the accident.

The appellant contends the Commission erred in denying his claim because due to the fact that his condition was initially diagnosed by both doctors as osteoarthritis and treated accordingly, he did not know he had a compensable claim until long past the time for filing his claim. It was not until May 2, 1977, almost two years after the accident, that the problem was diagnosed as a herniated disc, requiring surgery. Surgery was performed on May 4, 1977. He filed his claim immediately after the surgery.

In support of this position, the appellant cites cases from a number of jurisdictions where the time for filing a claim is measured from the date of *injury* not from the date of the *accident*, or where the time is tolled for good cause or for latent injuries. Among the cases cited by appellant are: *Salt Lake City v. Indus. Comm'n*, 93 Utah 510, 74 P.2d 657 (1937), decided prior to Utah's statutory amendment now limiting the claim period to three years from the date of the accident; *W. R. Grasle Co. v. Alaska Workmen's Comp. Bd.*, 517 P.2d 999 (Alaska 1974), decided under a statutory scheme that permits filing of a claim within two years after the employee has knowledge of the nature of his disability and specifically provides for a tolling of the period for latent defects; *Tabor Motor Co. v. Garrard*, 233 So.2d 811 (Miss. 1970), decided under statutes allowing the filing of a claim within two years from the date of injury in order to receive benefits; *Liberty Mut. Ins. Co. v. Wilson*, 495 S.W.2d 579 (Tex.Civ.App. 1973), decided under statutes allowing the filing for compensation to be waived by the Industrial Board for good cause. Some jurisdictions specifically provide for the time to run from the manifestation of the injury. Alaska Stat. § 23.30.-105(a).

In Idaho the statutes provided that the date of the accident is the moment from which to measure the one year statute of limitation for filing a claim from compensation. I.C. § 72–701, as it was enacted in 1971, and in effect at times pertinent to this case, provided:

"No proceedings under this law, except in cases of occupational diseases specially provided, shall be maintained unless a notice of the accident or of manifestation of the occupational disease shall have been given to the employer as soon as practicable but not later than sixty (60) days after the happening thereof, and unless a claim for compensation with respect thereto shall have been made within one (1) year after the date of the accident or manifestation or, in the case of death, then within one (1) year after such death, whether or not a claim for compensation has been made by the employee. Such notice and such claim may be made by any person claiming to be entitled to compensation or by someone in his behalf. If payments of compensation have been made voluntarily the making of a claim within said period shall not be required."

The appellant argues that the reference to "manifestation" relates to accidents as well as occupational diseases. However, this is not the case. There are two separate categories enunciated in § 72–701 (*supra*): (1) accidents and (2) diseases. The term "manifestation" is used exclusively in reference to diseases. *See* 1978 Sess. Laws, Ch. 264 § 19, p. 588.

Appellant also argues that the term "accident" must be given a broader interpretation to allow the filing of a claim within the statutory period following dis-

covery of the results of the accident, as has been done in other jurisdictions. *Williams v. Dobberstein*, 182 Neb. 862, 157 N.W.2d 776 (1968); *Borowski v. Armco Steel Co.*, 188 Neb. 654, 198 N.W.2d 460 (1972); *Imperial Shirt Co. v. Jenkins*, 217 Tenn. 602, 399 S.W.2d 757 (1966); *Anderson v. Marion Plumbing Co.*, 236 So.2d 299 (La.App. 1970); *see also*, in relation to occupational diseases, *Tennessee Products and Chemical Co. v. Reeves*, 220 Tenn. 148, 415 S.W.2d 118 (1967); *Masouskie v. Hammond Coal*, 172 Pa.Super. 409, 94 A.2d 55 (1953). However, this argument has been presented to and rejected by this court in earlier cases: *Moody v. State Highway Dept.*, 56 Idaho 21, 48 P.2d 1108 (1935); *Atwood v. State of Idaho Dept. of Agriculture*, 80 Idaho 349, 330 P.2d 325 (1958); *Gregg v. Orr*, 92 Idaho 30, 436 P.2d 245 (1968); *Cummings v. J. R. Simplot*, 95 Idaho 465, 511 P.2d 282 (1973).

Prior to 1927, Idaho utilized the time of the injury as the time for commencing the running of the statute of limitations.

> "No proceedings under this chapter for compensation shall be maintained unless . . . a claim for compensation with respect to such injury shall have been made within one year after the date of the injury . . .." § 6243 Comp.Stat. 1919.

In 1927 the legislature amended this statute by changing only the word "injury" to "accident." 1927 Sess. Laws, Ch. 106 § 9, p. 143. The court in *Moody v. State Highway Dept.*, *supra* 56 Idaho at 25–26, 48 P.2d at 1110 (1935), discussed this change and held that since the legislature had amended the section by changing only the one word, the intent was clearly to commence the limitation period from the date of accident not from the manifestation of a compensable injury. "Where the language of a statute is unambiguous, this court is powerless to intervene and grant relief." The court was aware of the hardship this presented, saying:

> "The statute, as amended, works a hardship upon all workers who suffer an accident arising out of and in the course of their employment, whose compensable in-

juries do not become manifest until after the period prescribed . . . has passed, as is most emphatically emphasized by the unfortunate situation of the respondent in the case at bar, but the remedy is with the Legislature." *Moody*, 56 Idaho at 26, 48 P.2d at 1110.

In *Cummings v. J. R. Simplot Co., supra*, 95 Idaho 465, 511 P.2d 282 (1973), the claimant had failed to file an application with the Industrial Board following the discontinuation of payments of medical bills. The code section in question, I.C. § 72–407 (repealed 1971 Sess. Laws, Ch. 124 p. 422), provided four years from the date of the accident within which to file such application under the circumstances of prior payment of medical bills. The appellant argued that since his injuries were not cognizable until five years after his accident, he should not be barred from claiming medical expenses, arguing that the time should not commence to run until the manifestation of compensable injuries. The court held, notwithstanding this argument, that the wording of the statute was unambiguous and that the period ran from the date of the "accident" not the date of the manifestation of injury.

This result is harsh and seemingly contrary to the public policy surrounding the workmen's compensation statutes. Using the date of "accident" as the point from which the limitation period is to run has been severely criticized by Larson in his treatise on the Law of Workmen's Compensation, Vol. 3, § 78.42(b), saying:

> "It is odd indeed to find, in a supposedly beneficient piece of legislation, the survival of this fragment of irrational cruelty surpassing the most technical forfeitures of legal statutes of limitation. Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them, and any number of excuses will toll the running of the period. But here no amount of vigilance is of any help. The limitation period runs against a claim that has not yet matured; and when it matures, it is already barred."

The appellant, not having filed his claim for compensation within the one year time period from the date of his accident, is barred from maintaining his action thereon. We affirm the ruling of the Industrial Commission. Costs to respondent.

DONALDSON, C. J., and BAKES and BISTLINE, JJ., concur.

SHEPARD, J., concurs in the result.