788 P.2d 197

**Elwyn R. PETRY, Claimant–Appellant,**

v.

**SPAULDING DRYWALL, Employer, and Western Community Insurance Company, Surety, Defendant–Respondents.**

No. 17798.

Supreme Court of Idaho.

Feb. 28, 1990.

Cooke, Lamanna, Smith & Cogswell, Priest River, for appellant. Nicolas M. Lamanna, argued.

Brady, Saetrum & Lerma, Chartered, Boise, for respondents. Michael E. Powers, argued.

McDEVITT, Justice.

Elwyn Petry was employed by Spaulding Drywall for several years as a drywall hanger. This occupation required Petry to lift heavy panels of sheetrock onto framed walls and ceilings.

On August 29, 1985, Petry was lifting a piece of sheetrock when he slipped, and immediately felt a pain in his right shoulder. After resting for a few minutes the pain subsided, and he continued to work for the rest of the day. Petry notified his employer, Mr. Spaulding, of the accident, but declined the employer's suggestion that he see a doctor, as he felt the pain would go away eventually.

Petry continued to work for Spaulding Drywall until October, 1986. During that time he continued to experience pain in his shoulder, and would sometimes be given lighter work to accommodate his discomfort.

In November of 1986, Petry again felt severe pain in his shoulder while moving a propane tank at his home. This incident convinced him that he should seek medical attention. In January 1987, Dr. Ingram examined Petry's shoulder and recommended surgery for an impingement syndrome due to a rotator cuff tear.

Petry filed a Notice of Injury and Claim for Benefits form with the employer's insurance company on February 19, 1987, and the employer concurrently filed a Form-1. The claim was denied because it had not been filed within one year after the accident. Spaulding Drywall had never had any employees injured on the job before, and had never filed a Worker's Compensation claim.

The Industrial Commission found in favor of the employer and its surety because the claim was not timely filed.

The issue in this case is whether Mr. Petry, having given oral notice to his employer of his injury at the time it occurred, may still recover Worker's Compensation benefits even though he did not file a Notice of Injury and Claim for Benefits with the Industrial Commission within the time limit prescribed by statute.

■ Petry's claim for Worker's Compensation benefits is barred by his failure to comply with I.C. § 72–701, which provides in part that "[n]o proceedings under this law shall be maintained unless ... a claim for compensation with respect thereto shall have been made within one (1) year after the date of the accident...." The one year statute of limitations is measured from the date of the accident, and not from the date that the injury is discovered or its severity understood. *Moody v. State Highway Dep't*, 56 Idaho 21, 48 P.2d 1108 (1935); *Smith v. IML Freight, Inc.*, 101 Idaho 600, 619 P.2d 118 (1980).

In this case, a Notice of Injury and Claim for Benefits was not filed until February of 1987, approximately 18 months after the accident. Petry argues that it is unjust to require an injured worker to file a claim within the statutory time limit where the extent of the injury is not discovered until after the time has expired; especially, as in this case, where the employer had actual notice of the injury at the time it occurred and is not prejudiced by the delay.

This argument is compelling to the conscience, but this Court is constrained by the clear words of the statute. Aristotle said that, "equity is that idea of justice which contravenes the written law." This Court is not free to impart equity where, as in the case of Worker's Compensation, the law in question derives its existence solely from the printed words of the statutes.

In *Moody v. State Highway Dep't, supra*, this Court noted that in 1927 the legislature amended I.C. § 43–1202, the predecessor to I.C. § 72–701, by changing a single word instead of measuring the one year time limit from the date of the "injury,"

the amended statute measured the time limit from the date of the "accident."

We have no doubt that when the legislature substituted the word "accident" for the word "injury," it intended to change the date from which the time for making claim should commence to run, and to change that date from the first manifestation of a compensable injury to the date of the accident. The statute ... needs no interpretation, because it is not ambiguous. Where the language of the statute is unambiguous, this Court is powerless to intervene and grant relief.

*Moody* 56 Idaho at 26, 48 P.2d 1108 (citations omitted).

Although the result is harsh and arbitrary, it is for the legislature to re-examine its policies, and not for this Court to fabricate new laws where explicit statutory directives already exist.

Petry also argues that I.C. § 72–704, which preserves Worker's Compensation claims despite untimely notice of the accident to the employer where the employer has actual notice, shows a legislative intent that statutory time limits should not be fatal to claims where the employer has actual notice and is not prejudiced by delay. However, that statute governs the consequences where the claimant does not notify the employer of the injury. The difficulty in this case, by contrast, is that although the employer had notice, the claimant failed to file a claim with the Industrial Commission. The policy reason behind I.C. § 72–704 is to notify the employer of potential claims but at the same time preserve claims despite lack of notice where the employer had actual knowledge or is not prejudiced by lack of notice. That policy is inapplicable to the requirement at issue in this case, that a claim be filed with the Industrial Commission within a certain time after the accident.

■ The one year statute of limitations in I.C. § 72–701 would not bar Petry's delayed claim for benefits under the terms of I.C. § 72–604 if the employer had knowledge of the injury and willfully failed to file a report as required by I.C. § 72–602(1). Idaho Code § 72–601(1) in turn, requires the employer to file a report to the Industrial Commission of any injury which requires treatment by a physician or which results in absence from work of one day or more. Petry argues that since the employer failed to file such a report in this case, the one year statute of limitations should be excused, and Petry's claim for benefits should be allowed. We disagree.

■ The requirement that the employer file a report under I.C. § 72–602(1) is triggered by an injury requiring treatment by a physician or the employee's absence from work for one day or more. In the present case, Petry did not miss any work as a result of the accident, and did not consult a physician until more than a year had passed. We cannot say that the statute intended to require an employer to file a report whenever a work-related injury requires medical attention, no matter how far removed in time the medical attention is from the date of the accident. Thus, we hold that in this case the employer was not required to file a report with the Industrial Commission, as Petry did not seek medical attention and did not miss any time off of work due to his injury.

Moreover, even if a report was required to be filed by the employer in this case, the omission must have been willful in order to excuse Petry's delay in filing a claim. The Industrial Commission specifically addressed this issue, and found that the employer's failure to file a report was the result of misinformation or ignorance, and was not willful. Conclusion of Law III.

Petry also contends that he is entitled to relief under the theory of constructive fraud. He argues that the employer's failure to inform him that he needed to file a claim to preserve his rights to Worker's Compensation benefits amounted to a false and material representation. The Industrial Commission did not address this issue.

■ We hold that Spaulding made no representation to Petry which could provide a basis for constructive fraud. Although it is the rule that silence may be construed as a representation where the other party might be led to harmful conclu-

sions, *Brooks v. Jensen*, 75 Idaho 201, 270 P.2d 425 (1954), that is not the case here. Mr. Spaulding repeatedly suggested that Mr. Petry see a doctor about the pain in his shoulder, but Petry dismissed those suggestions under the mistaken belief that the injury was not serious. Had he followed Mr. Spaulding's advice, Spaulding would have been required to report the injury to the Industrial Commission, and Petry would have presumably discovered that his injury was serious. Under these circumstances, we cannot say that Petry was misled by Spaulding's actions to his detriment.

Accordingly, we affirm the Industrial Commission's holding that Mr. Petry's claim for Worker's Compensation benefits was not timely filed. We also decline to hold that Petry is entitled to recover from Spaulding Drywall under the theory of constructive fraud.

Costs to respondent.

BAKES, C.J., and JOHNSON and BOYLE, JJ., concur.

BISTLINE, Justice, dissenting.

The majority opinion's interpretation of I.C. § 72–701 places Workers' Compensation claimants in a Catch–22 from which there is no escape: If they wait until they are disabled from an accident before they file their claims, their claims will be barred because the statute of limitations has run; if they file when an accident happens, they will often be denied benefits because they are not yet disabled and are therefore ineligible for compensation. Such a result is manifestly unjust, especially in light of the fact that Workers' Compensation is, by statute, a worker's only remedy for an injury received at work. I.C. § 72–211. It is also unconstitutional as applied, because the vastly different treatment of remedies for injuries from accidents versus remedies for occupational diseases has no rational basis to support it. Earlier this term, the Court issued *Cawley v. Idaho Nuclear Corp.*, 117 Idaho 34, 784 P.2d 890, which held that the time limits for notice and filing of a claim under I.C. § 72–448(2) did not begin to run until the claimant "first suffered incapacity, disability, or death" as

a result of an occupational disease. 117 Idaho at 36, 784 P.2d at 892. This holding is consistent with the language of the statute. It also comports with common sense. To require otherwise would be to require an employee to file a claim for a disability before the employee knows that there is anything wrong upon which such a claim could be reasonably based.

Yet, in accident cases, this approach is precisely what is statutorily required and has been unquestioned by this Court. There appears to be no rational basis for this distinction in processing for claims based on diseases and those based on accidents. The statutory scheme is therefore suspect as violative of the Equal Protection Clause of the fourteenth amendment to the United States Constitution.

Section 1 of the fourteenth amendment provides in pertinent part:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

When the alleged violation of equal protection involves fundamental rights or a suspect class of persons, it is to be evaluated using a strict scrutiny standard of review. If no suspect class or fundamental right is involved, the challenged legislative classification must still bear a rational relationship to the purpose the legislation was intended to serve in order to survive equal protection review. Since employees are not a suspect class and the right to receive workers' compensation benefits has not yet been held to be a fundamental right, the latter standard of review applies to the case before us.

The logical starting point for a rational basis review is an inquiry into the legislative purpose behind the enactment of the statute. In the case of the Idaho Workers' Compensation statutes such an inquiry is neither difficult nor novel. Idaho Code § 72–201 declares that "sure and certain relief for injured [workers] and their fami-

lies and dependents is hereby provided regardless of questions of fault...." The Court has held that the workers' compensation laws seek to serve "humane purposes" and that those laws should therefore receive "a broad and liberal construction." *In re Haynes*, 95 Idaho 492, 496, 511 P.2d 309, 313 (1973), (quoting *Smith v. Univ. of Idaho*, 67 Idaho 22, 26, 170 P.2d 404, 406 (1946)). Therefore we must examine the distinction the statutes make between disabilities caused by accidents and those caused by disease—in light of these "humane purposes."

Idaho Code § 72-448(1) provides that "notice of the manifestation of an occupational disease shall be given by the employee to the employer within sixty (60) days after the first manifestation thereof" and that "claim for disability or death shall be made within one (1) year after manifestation of the disease...." Thus, the time limitations begin to run, *not* when the employee is first exposed to the agent which causes the disease, but when the disabling disease which results from that exposure becomes evident.

In contrast, I.C. § 72-701 provides that "[n]o proceedings under this law shall be maintained ... unless a claim for compensation with respect thereto shall have been made within one (1) year after the date of the accident...." The majority in this case, following heretofore unchallenged Idaho precedent, holds that "[t]he one year statute of limitations is measured from the date of the accident, and not from the date that the injury is discovered or its severity understood." 117 Idaho at 36, 784 P.2d at 892. Thus, even if the employee missed no work because of an accident and then, after a year had passed, became disabled as a direct result of the accident, the Workers' Compensation claim is barred if it was not filed within the one-year period.

The statutes offer no rational explanation for this disparate treatment, nor can such an explanation be found by reference to external sources. Both accidental injuries and occupational diseases arise out of and in the scope of employment; both accidental injuries and occupational diseases

can remain latent for a long period of time; both accidental injuries and occupational diseases can cause incapacity, disability, or death, for which the worker's compensation laws should provide "sure and certain relief." Yet, under virtually identical circumstances, *i.e.*, where an incident or series of incidents at work cause an injury or disease which is not discovered until more than a year has passed since the incident, an occupational disease is compensable, but an accidental injury is not. Such a discrepancy does not satisfy the rational basis test required by the Equal Protection Clause, and is therefore subject to being ruled unconstitutional.