# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 34562

ROBERT L. AREL, )
)
    Claimant-Appellant, )     Boise, June 2008 Term
)
v. )     2008 Opinion No. 90
)
T & L ENTERPRISES, INC., Employer, and )     Filed: June 30, 2008
STATE INSURANCE FUND, Surety, )
)     Stephen W. Kenyon, Clerk
    Defendants-Respondents. )
)

Appeal from the State Industrial Commission.

Industrial Commission decision dismissing worker's compensation claim, <u>affirmed.</u>

Starr Kelso Law Office, Chtd., Coeur d'Alene, for appellant. Starr Kelso argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondents. Harry J. Magnuson, Coeur d'Alene, argued.

_____

BURDICK, Justice

This case asks the Court to consider the meaning of "accident" in I.C. § 72-701 and to consider whether I.C. § 72-701 is constitutional. We affirm the decision of the Idaho Industrial Commission and hold that I.C. § 72-701 is constitutional.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Robert L. Arel was employed by Respondent T & L Enterprises, Inc. (T & L). After a non-work related "startle" in February or March 2004, Arel experienced pain "posteriorly just behind the humerus." On November 27, 2004, while performing his job with T & L, Arel slipped on a log and fell. Arel continued to work and did not report the incident. Subsequent to the fall Arel "noted worsening pain at the anterior and lateral aspect of the right shoulder." After a series of doctor appointments in 2005, Arel learned on March 31, 2005, that his injuries were not attributable only to the "startle" but that his fall on November 27, 2004, could be responsible for his injuries. After his appointment on March 31, 2005, Arel drove to T & L and

1

advised his employer of the fall which occurred on November 27, 2004. Arel did not advise T & L of the fall prior to March 31, 2005, and T & L had no notice that Arel suffered an injury until March 31, 2005. If T & L had received notice from Arel within sixty days of November 27, 2004, it would have referred Arel to a physician for evaluation.

On June 3, 2005, Arel filed a workers' compensation complaint with the Idaho Industrial Commission (the Commission). The Commission assigned the case to a referee, and after considering the parties' briefs, the referee filed a Findings of Fact, Conclusions of Law, and Recommendation. Based on his conclusion that Arel was required to give T & L notice of his fall within sixty days after it happened, the referee concluded Arel did not meet the statutory requirements and recommended the Commission dismiss Arel's complaint. The Commission approved, confirmed, and adopted the referee's proposed findings of fact and conclusions of law as its own. Arel then filed this appeal.

## II. STANDARD OF REVIEW

This Court exercises free review over the Commission's legal conclusions but does not disturb factual findings that are supported by substantial and competent evidence. *Ewins v. Allied Sec.*, 138 Idaho 343, 346, 63 P.3d 469, 472 (2003).

## III. ANALYSIS

Arel argues it was only necessary he give T & L notice of his accident within sixty days after he discovered the accident caused a personal injury. Arel also argues I.C. § 72-701 violates both the federal and state constitutions. T & L asserts it is entitled to an award of attorney fees on appeal. We address each argument below.

### A. Interpretation of I.C. § 72-701

Arel asserts the Commission erred in dismissing his claim for failure to give timely notice of his accident. Arel argues that based on the language of I.C. § 72-701 and the definition of accident and personal injury found in I.C. § 72-102, it was only necessary he provide the employer with notice of the mishap or event sixty days after he discovered the mishap or event caused a personal injury.

We exercise free review over the interpretation of a statute. *Carrier v. Lake Pend Oreille Sch. Dist. No. 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006). "The objective of statutory interpretation is to derive legislative intent." *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 210, 76 P.3d 951, 954 (2003). To determine legislative intent this Court first looks to the literal

language of the statute. *Id*. This Court interprets statutes according to their plain, express meaning and resorts to judicial construction only if the statute is ambiguous, incomplete, absurd, or arguably in conflict with other laws. *Sandpoint Indep. Highway Dist. v. Bd. of County Comm'rs*, 138 Idaho 887, 890, 71 P.3d 1034, 1037 (2003).

The Worker's Compensation Law requires an employee who suffers an accident give certain notice to the employer. *Page v. McCain Foods, Inc.*, 141 Idaho 342, 345, 109 P.3d 1084, 1087 (2005). This requirement serves the purpose of giving the employer timely opportunity to investigate the accident and surrounding circumstances in order to avoid paying an unjust claim. *Id*. Idaho Code § 72-701 provides:

> **Notice of injury and claim for compensation for injury—Limitations.**—No proceedings under this law shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty (60) days after the happening thereof, and unless a claim for compensation with respect thereto shall have been made within one (1) year after the date of the accident or, in the case of death, then within one (1) year after such death, whether or not a claim for compensation has been made by the employee. Such notice and such claim may be made by any person claiming to be entitled to compensation or by someone in his behalf. If payments of compensation have been made voluntarily or if an application requesting a hearing has been filed with the commission, the making of a claim within said period shall not be required.

The plain language of this statute requires that a claimant give the employer notice of the accident no later than sixty days after the happening thereof and that a claimant make a claim within one year after the date of the accident. An accident is "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." I.C. § 72-102(18)(b). An injury is "a personal injury caused by an accident arising out of and in the course of any employment covered by the worker's compensation law." I.C. § 72-102(18)(a). A personal injury or injury does not include an occupational disease; they "include only an injury caused by an accident, which results in violence to the physical structure of the body." I.C. § 72-102(18)(c).

Arel argues that because the statutory definition of "accident" requires that the accident cause an injury, "before there can be an 'accident,' for an employee to give notice of to the employer, the employee must be aware that violence to the physical structure of the body has occurred as a result of the mishap/event." However, the language in I.C. § 72-102(18)(b) does not support Arel's interpretation. Though an "accident" must cause an injury, the plain language

3

of the statute does not state an accident only occurs after an employee has notice that a mishap or event caused him an injury.

To support his position that an employee need not give notice of an accident until he knows a mishap occurred that caused injury, Arel points out that "accident" is a legal conclusion a claimant is not required to resolve. *See Page*, 141 Idaho at 346, 109 P.3d at 1088. We have stated that because an accident is a legal conclusion, a claimant need not use the term "accident" when giving his employer notice. However, our statement does not support the proposition that an employee need not give the employer any notice of a mishap or untoward event within sixty days after its occurrence as is required by statute.

Formerly, the law required a claim for compensation be made within one year after the injury; however, in 1927 the Legislature replaced "injury" with "accident." 1927 Idaho Sess. Laws ch. 106, § 9, p. 143; *see also Moody v. State Highway Dep't*, 56 Idaho 21, 25, 48 P.2d 1108, 1110 (1935). In *Moody*, because of the statutory change from "injury" to "accident," the Court rejected a reading of the statute that would allow a claim to be made within one year after the injury first manifests itself.[1] *Id*. at 25-26, 48 P.2d at 1110.

The facts of *Smith v. IML Freight, Inc.*, 101 Idaho 600, 619 P.2d 118 (1980), are similar to the facts of the case here. Smith had a fall at work which caused him immediate pain in his arm and shoulder. *Id*. at 600, 619 P.2d at 118. Smith continued to have pain, but did not miss any work, and Smith did not report the accident. *Id*. About two months later Smith went to a doctor and was diagnosed with osteoarthritis. *Id*. In the process of treating his osteoarthritis, Smith saw a different doctor more than one year after his fall, who eventually came to the conclusion that some of Smith's problems were related to the fall at work. *Id*. at 600-01, 619

---

[1] Arel argues any cases interpreting the word "accident" for the purpose of when a claim must be filed are not controlling when interpreting the word "accident" for the purpose of when notice must be given to the employer. He proposes the Court interpret the word "accident" in I.C. § 72-701 in two different ways: a claim must be filed within one year after the accident, meaning mishap or event, but that it requires notice be given within sixty days after the accident, meaning when the employee has notice of the injury. We decline to interpret the word "accident" two different ways within the same statute.

Likewise, there is no support for Arel's argument that because I.C. § 72-704 excuses failure to notify an employer of an accident when the employer has notice of an injury, but provides no exception for failure to file a claim within one year after the accident, the term "accident" should have two different meanings within I.C. § 72-701. Idaho Code § 72-701 contains both a notice requirement and a claim requirement; because the Legislature has provided means by which the lack of notice can be overcome does not establish the Legislature meant the word "accident" to have two different meanings within I.C. § 72-701.

4

P.2d at 118-19. Smith argued his claim should not be barred because he did not know he had a compensable claim until more than one year after the accident. This Court noted we had considered and rejected the claimant's argument in prior cases, including *Moody*. *Id*. at 603, 619 P.2d at 121. This Court then stated that running the statutory period from the date of the accident instead of the manifestation of injury was harsh and contrary to the public policy surrounding the Worker's Compensation Law, but that the wording of the statute was unambiguous. *Id*; *see also Petry v. Spaulding Drywall*, 117 Idaho 382, 383, 788 P.2d 197, 198 (1990) ("The one year statute of limitations is measured from the date of the accident, and not from the date that the injury is discovered or its severity understood.").

Therefore, because of the plain and unambiguous wording in I.C. § 72-701 and I.C. § 72-102(18)(b), we hold a claimant must give notice of the accident within sixty days after it occurred and not within sixty days after the claimant became aware the accident caused a personal injury.

The requirement to give notice of the accident within sixty days after its occurrence will not bar the claimant's claim if the claimant can show the employer had knowledge of the injury within sixty days after the accident or that the employer has not been prejudiced by the lack of notice. I.C. § 72-704; *Taylor v Soran Rest., Inc.,* 131 Idaho 525, 527, 960 P.2d 1254, 1256 (1998).

Idaho Code § 72-704 provides:

> **Sufficiency of notice--Knowledge of employer.**—A notice given under the provisions of section 72-701 or section 72-448, Idaho Code, shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or disease, or otherwise, unless it is shown by the employer that he was in fact prejudiced thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this law if it is shown that the employer, his agent or representative had knowledge of the injury or occupational disease or that the employer has not been prejudiced by such delay or want of notice.

Here, Arel makes no argument that T & L was not prejudiced by the lack of notice but states that T & L had knowledge of the injury within sixty days of when the employee learned of the injury. Arel argues that an employee cannot be expected to give notice of an injury until the employee knows an injury occurred. Nonetheless, the plain language of I.C. §§ 72-701, -704

5

requires that an employee give notice of the accident within sixty days after its happening, or that the employer had knowledge of the injury within sixty days after the accident, or that the employer has not been prejudiced by the want of notice. Here, Arel cannot show he met any of these requirements.[2] Instead, he argues this Court should read both statutes to require notice need not be given until the employee is aware that the unexpected mishap or untoward event caused violence to the physical structure of his body. However, this reading is contrary to the plain language of the statutes. Thus, we affirm the Commission's dismissal of Arel's claim.

**B. Constitutionality of I.C. § 72-701**

Arel contends that if we do not accept his interpretation of I.C. § 72-701, then I.C. § 72-701, as we interpret it, is unconstitutional as a violation of equal protection and as a prohibited special law.

First, Arel contends I.C. § 72-201 violates the Equal Protection Clause in the Fourteenth Amendment of the United States Constitution and article I, section 2 of the Idaho Constitution.[3] When a party challenges the constitutionality of a statute, this Court presumes the statute is constitutional unless that party proves otherwise. *Luttrell v. Clearwater County Sheriff's Office*, 140 Idaho 581, 585, 97 P.3d 448, 452 (2004). "In addressing equal protection violations, the Court must first identify the classification being challenged and, second, it must determine the constitutional standard of review." *Venters v. Sorrento Delaware, Inc.*, 141 Idaho 245, 251, 108 P.3d 392, 398 (2005).

The class at issue is claimants under the Worker's Compensation Law, and Arel is a member of that class. The Worker's Compensation Law involves social and economic welfare issues and "equal protection challenges to those statutes are subject to the rational basis test." *Id.*

---

[2] Arel stipulated that he did not advise T & L of the fall prior to March 31, 2005, and that T & L had no notice that Arel suffered an injury until March 31, 2005. Arel also stipulated that if T & L had notice from Arel of the fall within sixty days of November 27, 2004, it would have referred Arel to a physician for evaluation.

[3] The Fourteenth Amendment provides in part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

Article I, section 2 of the Idaho Constitution provides:

> All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform or abolish the same whenever they may deem it necessary; and no special privileges or immunities shall ever be granted that may not be altered, revoked, or repealed by the legislature.

Thus, this Court must determine whether the statute bears a rational relationship to a legitimate legislative purpose. *See Luttrell*, 140 Idaho at 585, 97 P.3d at 452; *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 909, 980 P.2d 566, 573 (1999).

An employee with an occupational disease has sixty days after the first manifestation of an occupational disease to give the employer notice and one year after the first manifestation of the disease to file a claim. I.C. § 72-448. A "'manifestation' means the time when an employee knows that he has an occupational disease, or whenever a qualified physician shall inform the injured worker that he has an occupational disease." I.C. § 72-102(19). Arel asserts that in light of the broader notice requirements provided to an employee with an occupational disease, it is a violation of the Equal Protection Clause to provide that an employee who suffered an accident, but has a latent personal injury, must give notice within sixty days after the accident and not sixty days after the injury is discovered.

In *Tupper v. State Farm Insurance*, 131 Idaho 724, 963 P.2d 1161 (1998), this Court considered whether a claimant's equal protection rights were violated by the Worker's Compensation Law based on statutes which provide recovery to employees with an occupational disease only when they are totally disabled, while employees who are injured from an accident can recover even if they are not totally disabled. *Id*. at 730, 963 P.2d at 1167. This Court observed "the legislature evidently believed it necessary to differentiate between the manner in which injuries caused by accidents and occupational diseases are compensated." *Id*. at 730-31, 963 P.2d at 1667-68. We held the employee failed to meet her burden to show that the legislative classification did not meet the rational basis test and failed to show why the Court should not defer to the legislative judgment applied in enacting those statutory provisions. *Id*.

Likewise, Arel fails to meet his burden to show that the legislative classification at issue does not meet the rational basis test. Unlike an occupational disease, by definition, an accident "can be reasonably located as to time when and place where it occurred . . . ." I.C. § 72-102(18)(b); *see also Sundquist v. Precision Steel & Gypsum, Inc.*, 141 Idaho 450, 456, 111 P.3d 135, 141 (2005) (stating an occupational disease develops over time). The I.C. § 72-701 requirement that an employee give notice of an accident within sixty days after its occurrence serves the purpose of giving the employer timely opportunity to investigate the accident and surrounding circumstances in order to avoid paying an unjust claim. *Page*, 141 Idaho at 345, 109 P.3d at 1087. That the legislature decided to compensate employees who suffer an

7

occupational disease even when those employees may not be able to give their employer timely opportunity to investigate the circumstances responsible for the occupational disease is not a violation of equal protection.

Therefore, we hold the requirement that an employee who suffers an accident give timely notice of the accident, even if that employee is unaware of the extent of the personal injury caused by the accident, does not violate the Equal Protection Clause of the federal or state constitutions.

Second, Arel contends I.C. § 72-701 is unconstitutional because it violates article III, section 19 of the Idaho Constitution. In Idaho, "[t]he legislature shall not pass local or special laws in any of the following enumerated cases, that is to say . . . [r]eleasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any person or corporation of this state, or any municipal corporation therein . . . ." Idaho Const. art. III, § 19.

When this Court determines whether a law is special, it determines whether the classification is arbitrary, capricious, or unreasonable. *Moon v. North Idaho Farmers Ass'n*, 140 Idaho 536, 546, 96 P.3d 637, 647 (2004). A statute is general when its terms apply to all persons and subject matters in a like situation. *Id*.

Arel argues I.C. § 72-701 is special because it selects some employers from the class of employers subject to the Worker's Compensation Law and releases them from liability to certain injured employees (those injured pursuant to an accident that give untimely notice of the accident), while other employers (those who must compensate employees with occupational diseases), are not released from liability when their employee fails to give notice within sixty days after contracting the disease.

First, we note Arel is not a member of the class for which he argues, employers, and thus lacks standing. *See Venters*, 141 Idaho at 252, 108 P.3d at 399 (employee bringing equal protection constitutional claim lacked standing when he was not a member of the class at issue, employers). Second, the statute is not special because its terms apply to all persons and subject matters in a like situation. All employers under the Worker's Compensation Law having employees who make a claim based on an occupational disease are treated the same. Additionally, all employers in the like situation of having employees who make a claim based on an accident are treated the same. Arel fails to show that I.C. § 72-701 is a "special" law. Accordingly, we hold I.C. § 72-701 is not a special law in violation of the Idaho Constitution.

8

**C. Attorney Fees**

T & L requests an award of attorney fees on appeal pursuant to I.A.R. 11.1. Idaho Appellate Rule 11.1 requires that a brief be well grounded in fact and warranted by existing law or a good faith argument for extension, modification, or reversal of existing law, and that it not be "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If a brief is signed in violation of I.A.R. 11.1, this Court may impose an appropriate sanction. I.A.R. 11.1.

Here there are no facts indicating the appeal was interposed for an improper purpose. Thus, we decline to award T & L attorney fees on appeal pursuant to I.A.R. 11.1.

## IV. CONCLUSION

We affirm the Commission's dismissal of Arel's worker's compensation claim. Additionally, we hold I.C. § 72-701 is constitutional. We decline to award T & L attorney fees on appeal. Costs to Respondent.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**