# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36024

QUINTON BUNN,

    Claimant,

vs.

HERITAGE SAFE COMPANY,

    Employer,

and

LIBERTY NORTHWEST INSURANCE CORP.,

    Surety,

and

STATE OF IDAHO, INDUSTRIAL SPECIAL INDEMNITY FUND.

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2010 Term

2010 Opinion No. 28

Filed: March 17, 2010

Stephen W. Kenyon, Clerk

Appeal from the Idaho Industrial Commission.

The decision of the Industrial Commission is <u>affirmed</u>.

Merrill & Merrill, Chartered, Pocatello, for appellant.

Law Offices of Harmon, Whittier & Day, Boise, for respondent.

J. JONES, Justice.

Quinton Bunn appeals the Industrial Commission's denial of his claim for workers' compensation benefits because it was not timely filed. We affirm.

## I.

Quinton Bunn was hired by Heritage Safe Company (Heritage) on March 14, 2005. On April 25, 2005, Bunn began working as a lock installer, a job that required the frequent twisting

1

of his wrist as he inserted screws to fasten locks onto safes. On May 2, 2005, Bunn visited physician's assistant Brett Smith at the Lakeview Clinic after notifying Heritage that he was suffering from wrist pain. Bunn was diagnosed with carpal tunnel syndrome. Heritage sent a workers' compensation report to its surety, Liberty Northwest (Liberty), who in turn sent Bunn a letter on May 4, 2005, denying the claim.[1] After receiving further medical treatment, Bunn sent Liberty a letter on May 30, 2005, indicating that his injury was not carpal tunnel and asking Liberty to review its decision. Bunn received no response. During the next two years, Bunn received further treatment and surgery for his wrist problems, and on May 31, 2007, he filed a complaint with the Industrial Commission. Bunn argued that his complaint was timely filed because he was misled by Liberty within the meaning of Idaho Code section 72-706(1) and because Heritage furnished medical treatment under Idaho Code section 72-706(2). On October 10, 2008, the Industrial Commission issued its Order denying Bunn's coverage on the basis that his complaint was not timely filed. Bunn appealed to this Court.

## II.

Bunn presented two issues on appeal: (1) whether a medical misdiagnosis invokes the tolling provisions of Idaho Code section 72-706(1); and (2) whether an employer's act of scheduling a doctor's appointment constitutes "payments of compensation," invoking the five-year statute of limitations in Idaho Code section 72-706(2).

## III.

## A.

When reviewing a decision of the Industrial Commission, the Court exercises free review over questions of law. *Smith v. Idaho Dep't of Labor*, 148 Idaho 72, 73, 218 P.3d 1133, 1134 (2009). This Court will not disturb findings of fact unless the findings are clearly erroneous. I.C. § 72-732; *Smith*, 148 Idaho at 73, 218 P.3d at 1134. Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence. I.C. § 72-732; *Smith*, 148 Idaho at 73, 218 P.3d at 1134.

---

[1] The denial was based on the ground that carpal tunnel syndrome is categorized as a nonacute occupational disease and is not compensable unless the employee was exposed to the hazard of the disease for sixty days with the same employer. I.C. § 72-439. Bunn performed his lock installation duties for less than sixty days at the time of his injury.

**B.**

Bunn first argues that the one-year statute of limitations in Idaho Code section 72-706(1)[2] does not apply because Liberty misled him to his prejudice. Bunn's argument boils down to a single legal question: whether Liberty's denial of Bunn's workers' compensation claim, which was based upon the Lakeview Clinic's misdiagnosis of Bunn's injury, misled Bunn, therefore tolling the statute of limitations in Idaho Code section 72-706(1).

Bunn's argument suffers from one fatal flaw—the tolling provision of Idaho Code section 72-706(1) is only invoked upon a finding that the claimant was "misled to his prejudice *by the employer or surety*." I.C. § 72-706(1) (emphasis added). In this case, Bunn was misled by his medical provider. The tardiness of Bunn's complaint was not the result of his reliance on information provided by Liberty, who denied Bunn's claim based upon the information it was provided by the Lakeview Clinic. Both Bunn and Liberty were initially provided the same information from the clinic that resulted in the denial.

Our prior decision in *Smith v. IML Freight, Inc.* is instructive here. 101 Idaho 600, 619 P.2d 118 (1980). In *Smith*, an employee suffered an injury to his back and shoulder in the course of his employment. *Id.* at 600, 619 P.2d at 118. A few months later, the employee visited two doctors who misdiagnosed the injury as osteoarthritis. *Id.* One of the doctors told the employee that the injury was likely non-compensable, and thus the employee did not submit a claim for workers' compensation. *Id.* at 601, 619 P.2d at 119. Nearly two years later, the employee discovered that his injury should have been diagnosed as a torn rotator cuff. *Id.* At that point, the employee submitted a claim for workers' compensation, and the employer asserted the one-year statute of limitations in Idaho Code section 72-701 as a defense. *Id.* The employee argued on appeal that "the Commission erred in denying his claim because due to the fact that his condition was initially diagnosed by both doctors as osteoarthritis and treated accordingly, he did not know he had a compensable claim until long past the time for filing his claim." *Id.* at 602, 619 P.2d at 120. In holding that the employee's claim was barred, the Court stated that "the date of the

---

[2] Idaho Code section 72-706(1) provides:

> When no compensation paid. When a claim for compensation has been made and no compensation has been paid thereon, the claimant, unless misled to his prejudice by the employer or surety, shall have one (1) year from the date of making claim within which to make and file with the commission an application requesting a hearing and an award under such claim.

I.C. § 72-706(1).

accident is the moment from which to measure the one year statute of limitation for filing a claim from [sic] compensation." *Id*. Though the Court recognized the harshness of the result, it affirmed that the employee's claim was untimely. *Id*. at 603, 619 P.2d at 121.

The *Smith* holding is significant because, although it dealt with the one-year statute of limitations in Idaho Code section 72-701, the Court declined to toll the statute based upon the medical providers' misdiagnosis. Unlike Idaho Code section 72-701, the statute of limitations here, Idaho Code section 72-706(1), contains an exception where the employee has been misled to his prejudice by the employer or surety. As noted above, that is not the case here. In this case, as in *Smith*, the misleading information that resulted in the untimely pursuit of the claim was occasioned by the medical provider. Since neither statute allows for tolling where an untimely claim results from a medical provider misdiagnosis, we are required to reach the same harsh result as the Court reached in *Smith*.

Bunn's counterargument is that he was unintentionally misled by Liberty's denial of his claim, and that his failure to file the complaint was a reasonable reaction to the denial.[3] He contends Liberty should be equitably estopped from asserting the statute of limitations. "An employer may by his conduct estop himself from asserting what would under other circumstances constitute a perfect defense to the claim for compensation." WILLIAM R. SCHNEIDER, SCHNEIDER'S WORKMEN'S COMPENSATION § 2472 (3d ed. 1959). "A familiar defense to assertion of the bar of late claim is the plea that the lateness was the result of the employer's assurances, misrepresentations, negligence, or even deliberate deceptions." 2B ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 78.45 (1993). The Idaho Legislature has expressly incorporated this principle of equitable estoppel into its statute by providing a tolling provision in circumstances where an employee is "misled to his prejudice by the employer or surety." I.C. § 72-706(1).

---

[3] There is also some insinuation in Bunn's briefing that Liberty engaged in inequitable conduct when it did not respond to his May 30, 2005 letter, indicating the doctor did not think the injury was carpal tunnel syndrome. The burden of establishing equitable estoppel is on the party asserting it. *Tom Nakamura, Inc. v. G & G Produce Co., Inc.*, 95 Idaho 645, 646, 516 P.2d 702, 703 (1973). Bunn's argument is unpersuasive. There is no evidence in the record to establish inequitable conduct on the part of Heritage or Liberty or that would lead a reasonable person to believe that Bunn should not have pursued his claim once he learned of the misdiagnosis. He was aware of the misdiagnosis within thirty days of his injury and was incurring ongoing medical care and expense to determine the nature of the injury and to properly treat it. The denial letter was unequivocal, leaving no doubt as to Liberty's position. A reasonably diligent person would be expected to pursue efforts to obtain compensation within the ensuing eleven months. Further, the record does not disclose that Liberty was provided a correct diagnosis showing a compensable injury during that one-year period.

4

Bunn cites a number of decisions where other courts have interpreted similar statutes to allow the tolling of the statute of limitations even if the employer's or surety's act of misleading was unintentional. For example, in *Bauer v. State ex rel. Wyoming Worker's Compensation Division*, an employer, the City of Saratoga, mistakenly told an employee that she was not entitled to workers' compensation benefits because she was a part-time employee. 695 P.2d 1048, 1049 (Wyo. 1985). Relying on that information, the employee did not timely file a claim for benefits. *Id.* at 1049–50. The Supreme Court of Wyoming held that "the employer's misleading statements, although unintentional, were sufficient to constitute estoppel and prevent the employer and the state of Wyoming from invoking the statute of limitations as a defense." *Id.* at 1053. Similarly, in *Levo v. General-Shea Morrison*, an employee suffered a heart attack and was mistakenly told by both the surety and the employer that the injury was not covered under workers' compensation. 280 P.2d 1086, 1089 (Mont. 1955), *overruled on other grounds by Greger v. United Presstress, Inc.*, 590 P.2d 1121 (Mont. 1979). The Montana Supreme Court determined that the object of equitable estoppel "is to prevent a party from taking an unconscionable advantage of his own wrong while asserting his strict legal rights," and in applying that analysis, held that the employer was barred from invoking the statute of limitations. *Id.* at 1090; *accord Cohen v. Indus. Comm'n of Ariz.*, 648 P.2d 139, 142 (Ariz. Ct. App. 1982) (holding that an employer was estopped from asserting the statute of limitations as a defense because it mistakenly sent the wrong forms to the detriment of the employee's widow); *Robertson v. Brissey's Garage, Inc.*, 240 S.E.2d 810, 811 (S.C. 1978) ("The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive claimant, whether intentionally or not, and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident." (quoting *Young v. Sonoco Products Co.*, 240 S.E.2d 860, 864 (S.C. 1947))).

The common theme running through each of these cases is that the denial of the employee's claim was premised upon some unintentional mistake of the employer or surety *other* than the mere rejection of the workers' compensation claim. The principle of equitable estoppel applies *only* if there is some conduct by the employer or the surety, other than the mere denial of the claim, resulting in some prejudice to the employee—otherwise, there is no inequitable conduct by the employer or surety to justify the application of the equitable remedy.

5

Accordingly, neither Heritage nor Liberty engaged in any inequitable conduct sufficient to justify the application of equitable estoppel. Consequentially, the tolling provision of Idaho Code section 72-706(1) is inapplicable in this case, and the Industrial Commission's decision that Bunn's complaint was not timely filed under Idaho Code section 72-706(1) is affirmed.

## C.

Bunn next argues that even if his complaint is barred under Idaho Code section 72-706(1), it was timely under Idaho Code section 72-706(2)[4] because "payments of compensation" had been made by Heritage to Bunn and were thereafter discontinued. The record in this case establishes that Bunn asked his employer to schedule a doctor's appointment to examine his wrist. Heritage acquiesced, and scheduled an appointment with the Lakeview Clinic. From this, Bunn argues that the employer's act of calling the medical provider to set up a doctors' appointment constitutes "payments of compensation" under Idaho Code section 72-706(2), invoking that provision's five-year statute of limitations. The Industrial Commission held that Heritage's actions did not amount to "payments of compensation," rendering the five-year limitation provision inapplicable.

An employer's mere act of scheduling a doctor's appointment, without more, is insufficient to constitute the payment of compensation under Idaho Code section 72-706(2). A contrary holding would provide a disincentive for an employer to schedule doctor's appointments for its employees in fear that the call, in and of itself, might automatically subject the employer to liability for workers' compensation benefits. We decline to subject an employer to the risk of making the legal and medical determinations of whether an injury is compensable under workers' compensation laws when scheduling a doctor's appointment.

In this case, there is substantial and competent evidence to support the Industrial Commission's finding that Heritage's act of scheduling the doctor's appointment did not constitute payments of compensation, but rather constituted a routine courtesy offered to its

---

[4] Idaho Code section 72-706(2) provides:

> When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease within which to make and file with the commission an application requesting a hearing for further compensation and award.

I.C. § 72-706(2).

6

employee. Consequently, we affirm the Industrial Commission's finding that Idaho Code section 72-706(2) does not apply to the facts of this case.

## IV.

Because Bunn did not file his claim for compensation within one year of the date of his injury, we affirm the Industrial Commission's order barring his complaint as untimely. Costs are awarded to Liberty.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.