71 P.3d 1034

**SANDPOINT INDEPENDENT HIGHWAY DISTRICT, Petitioner–Appellant on Appeal–Cross Respondent,**

v.

**BOARD OF COUNTY COMMISSIONERS OF BONNER COUNTY and Bonner County, Respondents–Respondents on Appeal–Cross Appellants,**

and

**City of Sandpoint, Intervenor–Respondent on Appeal.**

No. 27194.

Supreme Court of Idaho, Coeur d'Alene, September 2002 Term.

June 4, 2003.

Holland & Hart, Boise, for appellants. Murray D. Feldman argued.

John R. Topp, Sandpoint, for respondent.

Scott W. Reed, Sandpoint, for intervenor-respondent.

SCHROEDER, Justice.

The Sandpoint Independent Highway District (SIHD) requests that this Court set aside the finding of the Board of County Commissioners of Bonner County (Commissioners), that it is in the best interests of the district for SIHD to be dissolved. SIHD

asserts the Commissioners erroneously interpreted the meaning of "district" in the Idaho Code provision allowing dissolution of highway districts and made findings not supported by the record or the law.

## I.

### FACTS AND PROCEDURAL HISTORY

In April 2000, citizens in Bonner County submitted a petition to the Board of Commissioners for Bonner County requesting that SIHD be dissolved pursuant to Chapter 18, Title 40 of the Idaho Code, which sets forth the procedure for dissolving highway districts. The petitioners for dissolution also requested that the City of Sandpoint Street Department be placed in charge of all streets in the City of Sandpoint, effectively becoming SIHD's successor. Such a petition requires the signatures of at least twenty-five qualified electors. The petition had fifty-six signatures and was duly accepted by the Bonner County clerk who forwarded it to the Bonner County Commissioners.

The Commissioners agreed to hold hearings on the petition for the dissolution of SIHD and subsequently heard public testimony from thirty-two individuals on whether the SIHD should be dissolved. The Commissioners were unable to render a decision on the dissolution petition at that time and reconvened the hearing on April 13. After the April 13th hearing, the Commissioners continued the hearing until May 3 for additional information from further public testimony, documentary evidence and advice from legal counsel.

Once the hearings were concluded, the Commissioners examined what findings they had to make and what procedures they had to follow under the highway dissolution statutes, specifically I.C. § 40–1805, which states:

Hearing—Order for election.—At the time and place specified in the notice, the commissioners shall proceed to consider the petition and all written objections to it, and shall hear all persons in relation to it, and shall hear or take testimony as may be offered or as they desire. Upon the conclusion of the hearing which may be continued from day to day, if the commissioners determine that the district ought to be dissolved and that the dissolution would be to the best interest of the district, it shall enter an order directing that the question of dissolution of the district be submitted to the qualified electors of the district at an election to be held not less than thirty (30) nor more than sixty (60) days from and after the order.

The Commissioners asked a deputy prosecuting attorney for advice regarding the meaning of I.C. § 40–1805 and were advised that I.C. § 40–1805 required the Commissioners to make two findings: "that the district ought to be dissolved and that it is in the best interest of the district for that." The attorney advised the Commissioners as follows:

I think we're all of the opinion that the right to vote is a very, very important interest. However, you have been stuck by statute to make these findings. It's part of your job. If you believe that a vote is the best way to deal with the issues that you've heard, then make those findings based on the record that's been presented and prepared. . . .

I would hope that if your decision is to make an order to have an election, that you go ahead and instruct myself to prepare some findings and fact and conclusion for your review so if and when this matter goes to court, as Mr. Greene indicated it might, at least we'll be able to, hopefully defend them.

The Commissioners expressed concerns about the evidence and interpretation of the statute but concluded that the issue of dissolution should be submitted to the voters. They directed the deputy prosecutor to prepare findings of fact for the dissolution of the Highway District. Subsequently, they approved the proposed findings of fact and conclusions of law and the time for the election. The SIHD appealed the Commissioners' decision to the district court. The district court granted a stay of the election. The City of Sandpoint was allowed to intervene as a party respondent. The district court ruled that the Commissioners erred in the determination of what "district" meant as

applied in the statute, stating that the term referred to the whole of the corporate entity as well as the geographic area and its taxpayers. While the district court disagreed with the definition of "district" applied by the Commissioners, it nevertheless affirmed the Commissioners' ultimate conclusion that dissolution of SIHD would be in the best interests of the district. The district court found the Commissioners erred in designating the city as the succeeding operational unit to SIHD and vacated that part of the decision. The case was remanded to the Commissioners for reconsideration on the issue of dissolution. Otherwise, the district court found that the findings of fact were largely supported by substantial and competent evidence. SIHD appealed.

## II.

## STANDARD OF REVIEW

■ Idaho Code section 31–1506 provides as follows:

(1) Unless otherwise provided by law, judicial review of any act, order or proceeding of the board shall be initiated by any person aggrieved thereby within the same time and in the same manner as provided in chapter 52, title 67, Idaho Code, for judicial review of actions.

(2) Venue for judicial review of board actions shall be in the district court of the county governed by the board.

Chapter 18, Title 40 of the Idaho Code which concern the dissolution of highway districts, make no provision for the review of the Commissioners' decision. Consequently, a petition for judicial review was proper in the district court. On an appeal from the district court this Court reviews the Commissioners' decision directly and independently of the district court's determination, *see Boise Group Homes, Inc. v. Idaho Dep't of Health & Welfare*, 123 Idaho 908, 909, 854 P.2d 251, 252 (1993), to determine if lawful procedures were followed, if there is substantial evidence to support the findings, and if the proper law was applied.

## III.

## THE MEANING OF "BEST INTEREST OF THE DISTRICT"

■ Idaho Code section 40–1805 provides that the Commissioners must make a finding that "dissolution would be to the best interest of the district." The Commissioners determined "that 'best interest of the District' as used in I.C. § 40–1805 is used to mean the geographical area and the individual members of the population living within the area and not the governmental entity." SIHD maintains that this conclusion is erroneous, arguing that the term "best interest of the district" refers to the corporate entity and body politic, not the voters within the district or the district as a geographic area.

■ The Court has traditionally used a two-step approach to legislative interpretation. "We interpret statutes according to the plain, express meaning of a provision in question, and we will resort to judicial construction only if the provision is ambiguous, incomplete, absurd, or arguably in conflict with other laws." *Peasley Transfer & Storage Co. v. Smith*, 132 Idaho 732, 742, 979 P.2d 605, 615 (1999).

Beginning with the relevant text of the statute, "district" is used four times:

[I]f the commissioners determine that the *district* ought to be dissolved and that the dissolution would be to the best interest of the *district*, it shall enter an order directing that the question of dissolution of the *district* be submitted to the qualified electors of the *district*. . . .

I.C. § 40–1805 (emphasis added). The first, third and fourth uses of "district" refer to the highway district as a corporate, public body and not a geographic entity. The question is whether consistency requires that the same meaning be applied to use of the term "district" in the context of deciding if it is in the best interest of the district to be dissolved. SIHD argues that the statute must be interpreted to have internal consistency, so the term "district" has the same meaning in its multiple uses.

In I.C. §§ 40–1813 and 40–1815 of Chapter 18, the legislature refers to the "geographical

center of the district" and the "territory of the district." Also, in I.C. § 40–1605, the legislature determined that detachment from a highway district must be "to the best interests of the territory and of the highway district." Reading the provisions of Chapter 18 together as a uniform body, "district," therefore, is mostly used to denote an organization instead of something more expansive, supporting SIHD's argument. *See Davaz v. Priest River Glass Co., Inc.,* 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994) ("[t]he court must construe a statute as a whole and consider all sections of applicable statutes together to determine the intent of the legislature." (citations omitted)); *Bunt v. City of Garden City,* 118 Idaho 427, 797 P.2d 135 (1990) (holding that ordinary words will be given their ordinary meaning when construing a statute or ordinance, unless a contrary purpose is clearly indicated).

Regardless, a common sense reading of I.C. § 40–1805 indicates that something more than the corporate entity is meant when "best interest of the district" is considered. *See Walker v. Hensley Trucking,* 107 Idaho 572, 691 P.2d 1187 (1984) (holding that the rational and obvious meaning of a statute is always preferred to any curious, narrow, hidden sense); *Knight v. Employment Sec. Agency,* 88 Idaho 262, 398 P.2d 643 (1965) (holding that in construing a statute, not only must the literal wording of the statute be examined, but also account must be taken of all other matters such as context, object in view, evils to be remedied, history of the times and of legislation upon the same subject, public policy, contemporaneous construction, and the like). It would seem that defining "district" as meaning the SIHD itself would cut short attempts at dissolution—seldom if ever, would it be in the interest of the corporate entity to dissolve. SIHD counters that dissolution could be ordered if the highway district was financially unstable or unable to operate. Those conditions do not exist in this case. Such a narrow reading of "best interest of the district" would foreclose consideration of other public policy values, such as the desire for greater efficiency and savings through smaller road management units or the desire to shift tax burdens more equitably. It would ignore the interests of the persons the district is intended to serve. It is almost certain that the legislature did not intend such an interpretation. The Commissioners did not err in determining that "best interest of the district" extends to consideration of geographical area and the interests of the people living in the district.

## IV.

## THE RECORD SUPPORTS THE ORDER FOR DISSOLUTION

SIHD argues that the Commissioners' findings are flawed and do not support the order for dissolution because the City of Sandpoint cannot be SIHD's successor, there is evidence that dissolution of SIHD would not result in lower taxes, and there is no competent evidence in the record that dissolution would only have a minimal effect on SIHD's agreements and contracts.

■ The Court's review is limited to a determination of whether the "Commission's findings of fact are supported by substantial and competent evidence." *Reedy v. M.H. King Co.,* 128 Idaho 896, 899, 920 P.2d 915, 918 (1996). Such evidence must be more than a scintilla of proof, but less then a preponderance. *Boise Orthopedic Clinic v. Idaho State Ins. Fund,* 128 Idaho 161, 164, 911 P.2d 754, 757 (1996). When conflicting evidence, all of which is supported by substantial and competent evidence, is presented, the findings of the commissioners must be sustained on appeal even if this Court would have reached a different factual conclusion. *Reedy,* 128 Idaho at 899, 920 P.2d at 918. This Court has free review over conclusions of law. *Smith v. J.B. Parson Co.,* 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996).

### A. SIHD's Successor

■ The question of whether the City of Sandpoint can be SIHD's successor is a question of law. I.C. § 40–1811 states:

**Dissolution of surplus funds and property of dissolved system or district.**—(1) After final payment of all expenses of proceedings in relation to dissolution and of all legal claims ... *all surplus moneys of the dissolved highway district remaining in*

**892**

*the special fund of the dissolved district shall immediately be delivered to the treasurer of the succeeding operational unit.* Title to all machinery, buildings, lands, and property [shall] ... be vested in the succeeding operational unit.

(2) *No city whose incorporated limits lie wholly or partially within the boundaries of a dissolved highway district shall be entitled to receive any share of the moneys of the dissolved highway district.*

I.C. § 40–1811 (emphasis added).

The district court concluded that although the City of Sandpoint could probably get the assets of the SIHD, it could not inherit any monies, effectively disqualifying it from being a succeeding unit since SIHD's successor is commanded by statute to receive the surplus funds. The district court also noted that the SIHD and City of Sandpoint were not coterminous, that I.C. § 40–1811 did not contemplate multiple successors, and that the most logical successor would be Bonner County itself, since there are no other highway districts in the county. The district court's determination is contrary to the Commissioners' determination that the City of Sandpoint "qualifies as a succeeding operational unit in accordance with Idaho Code § 40–1821."

The argument can be made that Sandpoint can be the successor to SIHD if it receives the assets of SIHD exclusive of the surplus funds. There are two problems with this conclusion. First, the statute does not prescribe where the money would go if not to the successor. Second, I.C. § 40–1811 specifies that "all surplus moneys of the dissolved highway district remaining in the special fund of the dissolved district shall immediately be delivered to the treasurer of the succeeding operational unit." The money must go to the treasurer of the succeeding unit, but no city within the district is entitled to receive any money of the dissolved highway district. A plain reading of the statute indicates that the City of Sandpoint cannot be the successor to SIHD. The Commissioners' determination is in error.

**B. Evidence Concerning Taxes Or The Effect Upon SIHD's Contracts Or Other Agreements**

■ Finding 12(c) of the Bonner County Commissioners states, "Dissolution appears to have an immediate and direct savings to the tax payers lying within the Highway District Boundaries and it appears that more tax dollars would be available for street maintenance and construction by the elimination of duplicated administrative costs and personnel." Finding 10 states, "Dissolution will have a minimal impact upon existing highway district memorandum of existing contracts."

SIHD challenges both findings on evidentiary grounds, maintaining that the finding of tax savings has no evidentiary basis. However, there is evidence supporting the Commissioners' findings. The testimony of Sandy Larson, the Sandpoint City Treasurer, is illustrative:

The net effect of the taxpayers in the City of Sandpoint will be slight. The savings in duplicated services and administrative costs will compensate for the decreased revenues available to the city Street Departments. Except for possible changes unrelated to this issue, county residents should see their tax bill for Bonner County and Bridge decrease.

As for the effect of dissolution on existing contracts, SIHD claims the testimony of the one witness on point, Stewart Davis of the Idaho Association of Highway Districts, is not enough to warrant the Board's finding. Mr. Davis stated the following as to the impact of the dissolution on any agreements: "I think that would be minimal. There would be minimal impacts, should the highway district be dissolved, as far as any memorandums, understandings, or agreements." There is sufficient evidence to support the Commissioners' findings.

**V.**

**THE CASE IS JUSTICIABLE AND SIHD HAS STANDING**

■ The Commissioners argue that under I.C. § 67–5270, only a "person aggrieved" by final agency action can bring an action for judicial review. To be "aggrieved," "substantial rights of the appellant [must] have

been prejudiced." The Commissioners maintain that SIHD has had none of its rights prejudiced and is not a "person" for purposes of judicial action. The question of dissolution is also a political question decided by voters. The questions raised are subject to judicial determination. See *Gumprecht v. City of Coeur d'Alene,* 104 Idaho 615, 661 P.2d 1214 (1983), in which this Court heard a case challenging the appropriateness of the procedure used to amend the local zoning laws; *see also Weldon v. Bonner County Tax Coalition,* 124 Idaho 31, 855 P.2d 868 (1993).

SIHD clearly has standing. The possible effect upon SIHD is apparent. It may be destroyed.

## VI.

## CONCLUSION

The decision of the Commissioners is affirmed, except the finding that the City of Sandpoint may be the successor to SIHD. The case is remanded for further action consistent with this opinion. Because it is a mixed result no costs or attorney fees are allowed.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.