937 P.2d 420

**ST. ALPHONSUS REGIONAL MEDICAL CENTER, Petitioner–Appellant on Appeal,**

v.

**Kathy Lynn EDMONDSON, surviving spouse of deceased Timothy Edmondson, Claimant–Respondent on Appeal,**

and

**Hansen–Rice Construction Company, Inc., Employer, and Transamerica Insurance Group, Surety, Respondents–Respondents on Appeal.**

No. 22895.

Supreme Court of Idaho,
Boise, February 1997 Term.

May 6, 1997.

Hall, Farley, Oberrecht & Blanton, Boise, for appellant. Phillip S. Oberrecht argued, Boise.

Bowen, Brassey, Gardner, Wetherell & Crawford, Boise, for respondents, Hansen–Rice Construction Company, Inc., and Transamerica Insurance Group. Eric S. Bailey argued, Boise.

Seiniger Law Offices, Boise, for respondent, Edmondson.

JOHNSON, Justice.

This case concerns a declaratory ruling by the Industrial Commission (the Commission) relating to workers' compensation medical benefits. We conclude that the Commission was correct in declaring that under the circumstances of this case the surety is not required to make direct payment to a provider of medical services, and that the claimant's attorney is entitled to a lien against the medical benefits awarded to the worker. We do not address whether the provider was entitled to notice of the compensability determination because the issue is moot. We do not address whether the provider may sue the worker for the cost of the medical services provided to the worker because the Commission did not have jurisdiction to consider the issue.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Timothy Edmondson (the worker) was found lying unresponsive and injured at a construction site where he was working for Hansen–Rice Construction Co. (the employer). The worker was treated for his injuries at St. Alphonsus Regional Medical Center (the provider), incurring expenses of $39,016.96 (the medical expenses). The provider billed the employer's workers' compensation surety, Transamerica Insurance Group (the surety), for the medical expenses. The surety denied the claim on the ground that the worker's injuries were self-inflicted and thus not compensable under the workers' compensation laws.

The worker filed a complaint with the Commission seeking compensation from the employer and the surety. The worker's attorney offered to collect the medical expenses for the provider for a thirty percent contingency fee, plus a pro-rata share of the costs, and invited the provider, in the alternative, to participate in the workers' compensation proceedings through its own attorney. The provider declined either alternative and filed with the Commission a notice of medical expenses, requesting that the surety pay the medical expenses to the provider, and that the provider be given notice of the Commission's decision on the issue of the employee's right to compensation. The Commission determined that the employee's injuries arose in the course and scope of his employment, and that he is entitled to workers' compensation benefits. The Commission also determined that because the surety's initial denial of benefits was not unreasonable, the worker is not entitled to an award of attorney fees.

The provider filed with the Commission a petition for declaratory ruling seeking a declaration that the provider is entitled to (1) direct payment of the medical expenses by the employer and the surety, (2) notice of the determination of compensability, and (3) the right to sue the worker for the medical expenses if the provider is not entitled to direct payment by the employer and the surety. The provider also sought a declaration concerning whether the worker's attorney fees could be deducted from the medical expenses.

The Commission ruled that the workers' compensation laws do not require direct payment to the provider, and that the Commission was not required to give the provider notice of its compensability determination. The Commission also approved a thirty percent contingent attorney fee for the worker's attorney as a lien against the award of the medical expenses. In approving the lien, the Commission stated that attorney fees can only be deductible from medical benefits in claims (1) which are denied by an employer, (2) where claimant's attorney seeks to keep the provider timely notified of case status and outcome, and (3) where litigation against the employer is fully prosecuted by an employee's attorney to a successful determination that the employee is entitled to such benefits. The Commission refused to reach the issue of whether a provider may sue the worker for the medical expenses, citing a lack of real controversy.

The provider appealed. The worker died while the appeal was pending. The worker's surviving spouse has been substituted for the worker.

## II.

### THE PROVIDER IS NOT ENTITLED TO DIRECT PAYMENT OF THE MEDICAL EXPENSES.

■ The provider asserts that it is entitled to direct payment from the surety of the medical expenses. We disagree.

The workers' compensation law contains the following provision:

> The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus, as may be required by the employee's physician or needed immediately after an injury or disability from an occupational disease, and for a reasonable time thereafter. If the employer fails to provide the same, the

---

injured employee may do so at the expense of the employer.

I.C. § 72–432(1).

◼ By this statute, the employer is mandatorily required to provide its injured employees with medical care when they qualify for workers' compensation. *Paulson v. Idaho Forest Industries, Inc.*, 99 Idaho 896, 902, 591 P.2d 143, 149 (1979).

◼ When an employer provides medical services itself or through a contract with a medical provider, the employer becomes directly obligated to the provider for payment of the medical expenses. This obligation occurs not because the statute requires direct payment, but because the employer has chosen to fulfill its obligation to provide medical services by these means. If the employer in the present case had contracted with the provider to care for the worker, the obligation for the employer to pay the provider would flow from that contract, not from the statute.

In the context of the present case, the important portion of I.C. § 72–432(1) is the reference to medical services "as may be … needed immediately after an injury." This is precisely how the medical expenses at issue here were incurred. The worker was taken from the construction site where he was injured to the provider for treatment. The record before us does not disclose who made this choice or how the worker came to be taken to the provider for treatment.

Because the employer and the surety contended that the worker was not entitled to compensation for his injury, the employer did not pay the medical expenses. When the Commission awarded the worker compensation for his injury, the employer and the surety became obligated to pay the medical expenses. This does not mean, however, that the employer and the surety became directly obligated to the provider. Nothing in I.C. § 72–432(1) requires direct payment to a provider.

◼ The provider is not a party to the workers' compensation proceeding. The Commission's order in that proceeding states: "*Claimant* suffered accidental injuries arising out of the course and scope of

this employment with Hansen–Rice Construction Company on July 10, 1993, and *is entitled to appropriate workers compensation benefits.*" (Emphasis added). The Commission awarded benefits to the worker, not payment to the provider.

The provider contends that the Commission's administrative regulations concerning medical expenses support its right to direct payment by the employer and the surety. These regulations, IDAPA 17.02.08.031 and -.032, refer, however, to the circumstance where "the Payor acknowledges liability for the claim." IDAPA 17.02.00.032.04. By their own terms, these regulation do not apply to circumstances where the employer and the surety denied liability for the claim, as in the present case.

### III.

### THE NOTICE QUESTION IS MOOT.

◼ The provider asserts that it is entitled to notice of the determination of compensability of the worker's injury. We conclude that this question is moot.

◼ The Commission found that the provider had notice of the Commission's decision awarding the worker compensation through letters from the worker's attorney. For this reason, this issue is moot. "[A] case becomes moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)).

The provider contends that this issue is subject to the "public interest" exception to the mootness doctrine because it is "susceptible to repetition yet avoiding review." See *Great Beginnings Child Care, Inc. v. Office of the Governor*, 128 Idaho 158, 160, 911 P.2d 751, 753 (1996). We conclude that there is no showing in the present case that medical providers will not receive notice of the determination of compensability. Therefore, the provider has not demonstrated that this issue is susceptible to repetition avoiding review.

111

## IV.

## THE COMMISSION ACTED WITHIN ITS AUTHORITY IN APPROVING THE WORKER'S ATTORNEY A LIEN AGAINST THE AWARD OF MEDICAL EXPENSES.

■ The provider asserts that the Commission acted beyond its authority in approving the contingent fee of the worker's attorney as a lien against the award of the medical expenses. We disagree.

In *Curr v. Curr*, 124 Idaho 686, 864 P.2d 132 (1993), the Court pointed out: "As a creature of legislative invention, the Commission may only act pursuant to an enumerated power, whether it be directly statutory or based upon rules and regulations properly issued by the Commission under I.C. § 72–508." *Id.* at 691, 864 P.2d at 137.

I.C. § 72–803 requires that the Commission approve claims of attorneys in workers' compensation cases. I.C. § 72–508 grants the Commission "authority to promulgate and adopt reasonable rules and regulations for effecting the purposes" of the workers' compensation act. I.C. § 72–508. A Commission rule provides that the Commission may approve a "charging lien" for attorney fees "against a claimant's right to any compensation under the Workers' Compensation law," in specified circumstances. IDAPA 17.02.08.033(c). The Commission rule states that for a case in which a hearing has been held and briefs submitted, a thirty percent fee agreement is reasonable. IDAPA 17.02.08.033(e)(ii). This rule, promulgated by the Commission pursuant to I.C. § 72–508, authorizes the Commission to approve the lien of the workers' attorney against the award to the worker.

## V.

## CONCLUSION

We affirm the Commission's declaratory ruling denying direct payment to the provider and approving a lien for the worker's attorney against the medical expenses awarded to the worker by the Commission.

We do not address the question of notice to the provider of the compensability determination because it is moot.

We do not address the Commission's refusal to declare whether the provider may sue the worker for the medical expenses because this issue does not arise under the workers' compensation law. Therefore the Commission did not have jurisdiction to consider the issue. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

We award the employer and the surety costs, but not attorney fees, on appeal.

TROUT, C.J., and McDEVITT, SILAK and SCHROEDER, JJ., concur.