# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34891

|  |  |  |
|---|---|---|
| STEPHEN R. NEEL, | ) | |
| | ) | |
| Claimant-Respondent, | ) | Boise, December 2008 Term |
| | ) | |
| v. | ) | 2009 Opinion No. 35 |
| | ) | |
| WESTERN CONSTRUCTION, INC., | ) | Filed: March 5, 2009 |
| Employer and ADVANTAGE | ) | |
| WORKERS COMPENSATION | ) | Stephen W. Kenyon, Clerk. |
| INSURANCE CO., Surety, | ) | |
| | ) | |
| Respondents-Appellants. | ) | |
| | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u> in part, <u>reversed</u> in part and <u>remanded</u> for further proceedings consistent with this Opinion. The Commission's award of attorney fees to Mr. Neel is <u>vacated</u>. No attorney fees are awarded on appeal. Costs are awarded to respondent.

Bowen & Bailey, LLP, Boise, for appellant. Daniel Bowen argued.

Monroe Law Office, Boise, for respondent. Darin Monroe argued.

_____

W. JONES, Justice

## NATURE OF CASE

This is an appeal from an Industrial Commission (the Commission) order requiring a workers' compensation surety to pay the full amount of a claimant's medical bills, rather than the reduced amount determined to be reasonable by a third party reviewer. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Stephen Neel (Mr. Neel) brought a workers' compensation claim against Western Construction, Inc. and its workers' compensation surety, Advantage Workers Compensation

1

Insurance Co. (collectively Surety), for an injury he sustained in an industrial accident that occurred during the course of his employment. The accident occurred on September 14, 2005. Mr. Neel first filed a claim with the Commission on October 13, 2005. Surety initially denied Mr. Neel's workers' compensation claim. Following a hearing, the Commission found in favor of Mr. Neel. On June 8, 2007, the Commission ordered Surety to compensate Mr. Neel for his injuries.

Mr. Neel submitted invoices in the amount of $100,712.71 to Surety for payment. Mr. Neel claims some of the medical bills submitted were already paid by Mr. Neel's non-industrial medical insurance while others went unpaid due to the expiration of said insurance. The record is bereft of any evidence supporting Mr. Neel's claim that any of his medical bills went unpaid.

Surety followed its usual procedure and reviewed the medical bills for reasonableness under the workers' compensation regulatory scheme. Based on its review, Surety tendered $92,072.71 as full payment for the medical benefits awarded to Mr. Neel.[1] Along with payment, Surety provided a breakdown of what it considered to be reasonable charges for the medical services provided to Mr. Neel under the workers' compensation regulations.

Upon receiving a reduced payment for his medical bills, Mr. Neel filed a motion requesting the Commission to order Surety to pay Mr. Neel the full invoiced amount of the bills. On December 11, 2007, the Commission held that because Surety had initially denied the claim, it could not use the workers' compensation regulatory scheme to reduce Mr. Neel's bills and ordered Surety to pay the full invoiced amount of the medical bills. The Commission also awarded attorney fees to Mr. Neel because it found Surety's denial of full reimbursement for Mr. Neel's medical invoices to be unreasonable. Surety appeals from the Commission's decision as to the amount Surety owes to Mr. Neel for the medical costs he incurred. Surety also appeals the Commission's award of attorney fees to Mr. Neel.

### ISSUES ON APPEAL

1. Can a surety, having denied a claim subsequently determined to be compensable by the Industrial Commission, review a claimant's medical bills under the workers' compensation regulations to determine whether such medical bills are reasonable?
2. Did the Industrial Commission err in awarding attorney fees to Mr. Neel?

---

[1] Bills totaling $1,920.00 were inadvertently not provided to Surety by Mr. Neel, but that is not at issue here.

**STANDARD OF REVIEW**

This Court exercises free review over the Commission's legal conclusions but does not disturb factual findings that are supported by substantial and competent evidence. *Arel v. T & L Enterprises, Inc.*, 146 Idaho 29, __, 189 P.3d 1149, 1151 (2008) (*citing Ewins v. Allied Sec.*, 138 Idaho 343, 346, 63 P.3d 469, 472 (2003)).

**ANALYSIS**

**A surety that initially denies a claim may not review for reasonableness a claimant's medical bills that were incurred prior to the time that the claim was deemed compensable, but a surety may review for reasonableness medical bills that were incurred after the claim was deemed compensable.**

There is no controlling Idaho case law authority precluding a surety from reviewing for reasonableness a compensable claim that it initially denied. The workers' compensation regulatory scheme is also silent on this issue. The Commission has historically held that when a claim is initially denied and later found to be compensable, a surety is responsible to pay the full amount of invoices for medical services that are related to the worker's industrial injuries and such invoices may not be reviewed for reasonableness. However, this Court has not yet determined whether a reasonableness review is permitted when a surety initially denies a claim, the claimant is then required to enter into private contractual agreements for medical care, and the claim is thereafter deemed compensable by the Commission. Thus, this is a case of first impression.

Surety argues it should be permitted to review medical bills for reasonableness that are submitted to it for payment of compensable claims, regardless of whether it originally denied a claim or not. They argue that the policy against balance billing[2] applies in cases that were initially accepted or denied by the surety and such policy prohibits health care providers from billing in excess of the Commission's regulatory definition of what is a reasonable charge for medical treatment. Surety contends all workers' compensation claims should be subject to the same scrutiny for medical bills, thereby preventing a two-tiered system for medical

---

[2] "Balance billing" means charging, billing, or otherwise attempting to collect directly from an injured employee payment for medical services in excess of amounts allowable in compensable claims. I.C. § 72-102(2).

reimbursement that would depend upon whether a claim is accepted at the outset or whether it is accepted after the Commission deems a claim compensable.

Mr. Neel argues that when Surety denied his workers' compensation claim, he was forced to enter into private contractual agreements with his medical providers, for which he is contractually obligated to pay the full amount billed, and therefore Surety should be compelled to pay for the full invoiced amount of the medical bills he incurred. Mr. Neel claims that his non-industrial medical insurance paid for part of his medical treatment, but a portion of his treatment was provided at a time when Mr. Neel was uninsured due to the expiration of such medical insurance, leaving him with an unfulfilled contractual obligation. Mr. Neel contends that not requiring Surety to pay the full invoiced amount is analogous to balance billing because he would owe money to the medical providers beyond the amount he received from Surety.[3]

The workers' compensation system is comparable to the system used by private insurers in which they enter into agreements with health care providers for contractual adjustments of the provider's bills. The provider then agrees that it will not seek to recover the contractually adjusted amount from the insured. In 2006, the legislature added a similar feature to the Workers' Compensation Law to clarify that billing injured workers in amounts in excess of the pertinent regulations is not permitted. I.C. § 72-432(1) requires medical providers to accept as full payment of their bill the amount determined by the workers' compensation surety as the "reasonable" amount of the bill pursuant to IDAPA regulations. I.C. § 72-423(6), which prevents medical providers from collecting any balance remaining from any injured worker, states: "No provider shall engage in balance billing."

The question presented here is whether a surety that initially denies a claim later determined to be compensable should be forever barred from reviewing for reasonableness medical expenses incurred on that claim Mr. Neel argues for that proposition, relying heavily upon imprecisely drafted language in *St. Alphonsus Reg'l Med. Ctr. v. Edmondson*, 130 Idaho 108, 937 P.2d 420 (1997). We now take the opportunity to clarify the imprecise language in that opinion, which states:

> The provider contends that the Commission's administrative regulations concerning medical expenses support its right to direct payment by the employer and the surety. These regulations, IDAPA 17.02.08.031 and -.032, refer, however, to the circumstance where "the Payor acknowledges liability for the claim."

---

[3] The record on appeal does not show how much, if anything, Mr. Neel is left owing.

4

IDAPA 17.02.00.032.04. By their own terms, *these regulation[s] do not apply to circumstances where the employer and the surety denied liability for the claim*, as in the present case.

*Edmondson*, 130 Idaho at 111, 937 P.2d at 423 (emphasis added). When read in context, it is clear that this language in *Edmondson* stands only for the proposition that when a surety initially denies a claim, as a practical matter it will not be subject to the rule requiring a payor to submit payment within 30 days of receipt of a bill because the compensability of such claim is contested and will not likely be resolved within that 30 day time limit. In consideration of the Court's reference to the entire regulatory scheme contained in "IDAPA 17.02.08.031 and -.032," it is understandable that one could interpret what was intended to be a narrow statement much broader than the scope of what was contemplated. However, this Court did not intend such a broad interpretation. Moreover, the issue presented to this Court in *Edmondson* was whether providers are entitled to direct payment from the surety for medical expenses, which is not on point with the issue before the Court today. Mr. Neel's assertion that the IDAPA rules are inapposite where the employer and surety initially deny liability for a claim later deemed compensable is incorrect.

The IDAPA rules apply in all cases where a claim is deemed compensable. Even though medical expenses incurred on a claim after it is initially denied fall outside the purview of the Workers' Compensation Law, there is no good reason that the Workers' Compensation Law should not apply to medical expenses incurred after the claim is deemed compensable. When an injured worker seeks medical treatment, and knows that his claim has been denied, he/she will most likely inform the physician that the case is not a workers' compensation claim and will either rely on his/her private insurance or inform the provider that there is no insurance. Under those circumstances, the provider is justified in assuming that it is not barred by any contractual adjustment or workers' compensation regulations from charging its usual and customary charge. In those cases, the injured worker is potentially liable for the entire charge because there is no prohibition against balance billing. When, however, the claim has been held to be compensable, the injured worker can inform the provider that his case is a workers' compensation claim, thereby notifying the provider that the Workers' Compensation Law is applicable to its charges. When the injury has been accepted as a compensable claim, the Workers' Compensation Law

5

operates to limit the provider's charge and there is no justification for requiring the Surety after accepting the claim to pay more than the Workers' Compensation Law allows.

The parties in this case argue for a resolution at opposite ends of a spectrum; Mr. Neel contends Surety should not be permitted to review any of his invoices for reasonableness, whereas Surety assert they should be permitted to review all of Mr. Neel's invoices for reasonableness. In the interest of fairness, and to avoid awarding unearned incentives or windfalls to sureties or claimants, we construct a middle-ground resolution that takes into account the policy behind the Workers' Compensation Law.

Thus, we hold that sureties, having denied a claim subsequently deemed compensable by the Commission, are only permitted to review a claimant's medical bills incurred after the claim is deemed compensable to determine whether such bills are reasonable in accordance with the workers' compensation regulatory scheme. [4] Any medical bills incurred during the time from when the accident occurred to the time when the claim was deemed compensable fall outside the workers' compensation regulatory scheme and may not be reviewed for reasonableness and must be paid in full by the surety.

Accordingly, Surety is obligated to pay Mr. Neel the full invoiced amount for all medical bills he incurred for his industrial accident prior to June 8, 2007, the date that his claim was deemed compensable by the Commission. Surety is permitted to review for reasonableness and reduce payment in accordance with the workers' compensation regulations for all of Mr. Neel's medical bills that were incurred on June 8, 2007 and later. The record shows that Mr. Neel incurred medical bills in the amount of $100,712.71, but it does not reflect which portion of this amount was incurred prior to the Commission deeming his claim compensable. Accordingly, we remand to the Commission to enter findings as to the amount of medical bills that Mr. Neel incurred prior to the claim being deemed compensable.

**The Commission's award of attorney fees to Mr. Neel is vacated.**

---

[4] In 1992, the Commission promulgated a rule setting forth acceptable charges for medical services under the Workers' Compensation Law as those that were "reasonable," which was defined as "usual and customary" charges. *See* IDAPA 17.02.08.031.01-.02 (1992) (amended 2006). As of April 1, 2006, the Commission adopted a fee schedule explicating reasonable charges for medical services. *See* IDAPA 17.02.08.031.02 (2006) (amended 2007). Because Mr. Neel incurred medical bills from September 2005 through at least May 2007, Surety originally reviewed Mr. Neel's medical bills for reasonableness under both the "usual and customary" framework and the fee schedule. Now that we have held Surety is only permitted to review Mr. Neel's medical bills incurred as of June 8, 2007, only the fee schedule set out in the IDAPA regulations is applicable to Surety's reasonableness review of Mr. Neel's medical bills.

Under I.C. § 72-804 and IDAPA 17.02.08.033, the Commission may award attorney fees in any proceeding if it determines that the employer or its surety has refused to pay the claimant benefits provided by law without reasonable ground. The Commission awarded attorney fees below to Mr. Neel on the basis that it was unreasonable for Surety to refuse full payment for Mr. Neel's medical bills. As noted above, the issue raised in this appeal is an issue of first impression before this Court. We cannot say it was unreasonable for Surety to take the position it did. Accordingly, we vacate the Commission's award of attorney fees. For the same reason, we decline to award any attorney fees on appeal.

## CONCLUSION

We hold that when a surety initially denies an industrial accident claim which is later determined to be compensable, it is precluded from reviewing medical bills for reasonableness under the workers' compensation regulations from the time such bills are initially incurred until the claim is deemed compensable, but once the claim is deemed compensable a surety may review a claimant's medical bills incurred thereafter for reasonableness in accordance with the workers' compensation regulatory scheme. The Commission's award of attorney fees to Mr. Neel is vacated. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion. We decline to award attorney fees on appeal. Costs to respondent.

Justices BURDICK, J. JONES, HORTON and Justice Pro Tem KIDWELL **CONCUR.**

7